## In re REEVES.

*(Supreme Court, General Term, First Department. April 17, 1891.)*

ACCOUNTING BY EXECUTORS.
  Under Code Civil Proc. N. Y. § 2723, subd. 4, authorizing the surrogate to require an executor or administrator to render an intermediate account "where 18 months have elapsed since letters were issued, and no special proceeding upon a petition for a judicial settlement of the executor's or administrator's account is pending," an executor may be required to present and settle his accounts where more than 18 months have elapsed since a previous account by him; it is no objection thereto that the decree of the surrogate on such previous accounting has been reversed on appeal.

Appeal from surrogate's court, New York county.

Petition by Charles W. Denike that Robert C. Reeves, executor of Abraham Denike, deceased, be required to file an account of his proceedings as such executor. The executor appeals from an order requiring him to file such account. Code Civil Proc. N. Y. § 2723, subd. 4, provides: "In either of the following cases, the surrogate may, in his discretion, make an order requiring an executor or administrator to render an intermediate account: * * * (4) Where eighteen months have elapsed since letters were issued, and no special proceeding, upon a petition for a judicial settlement of the executor's or administrator's account, is pending." For former report, see 6 N. Y. Supp. 450.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Henry W. Bates*, for appellant. *Henry J. Morris*, for respondent.

DANIELS, J. It was made to appear by the petition presented to the surrogate that more than 18 months had elapsed since the decease of the testator, and since a preceding account had been filed by the executor; and that the applicant, Charles W. Denike, was interested as a legatee in the estate; and that there was still in the hands of the executor more than the sum of a thousand dollars which should be distributed between himself and his brothers and sister. This petition containing these statements was not denied by the executor; and the facts presented by it were sufficient, within subdivision 4 of section 2723 of the Code of Civil Procedure, to require the executor to finally present and settle his accounts. And the answer presented by him contained no statement of facts whatever in any manner relieving him from this obligation under the statute. What he stated therein was that there was still unsettled in the general term of this court an appeal from the decree en-

tered in the last accounting, and that the decision had reversed the decree of the surrogate, and judgment had not been entered thereon, and that there was no basis for an accounting until the judgment on the appeal should be entered. These statements presented no legal ground of objection against the action taken by the surrogate; for, even if a preceding decree had been reversed, it was still a matter of importance to the persons interested in the est; ' · that as to this remaining sum of money in the hands of the executor he should present his account. When it is presented it may be, and probably will be, that the entire account will become the subject of investigation and settlement. But without this additional account the proceeding before the surrogate would not be in a condition in which the estate could be finally examined and closed up. As the case was made to appear by the petition, and not controverted by the answer, otherwise than by this reference to the proceedings in the general term, the petitioner was entitled to the order which the surrogate made, and it should be affirmed, with $10 costs and the disbursements.